1012

**ARROZ MILLING COMPANY et al., Appellants, v. MEXICAN–AMERICAN FRUIT & STEAMSHIP CORPORATION, Appellee.**

No. 5807.

Circuit Court of Appeals, Fifth Circuit.

Aug. 2, 1930.

Rehearing Denied Sept. 10, 1930.

Carroll Single, of New York City, Eberhard P. Deutsch and Henry P. Dart, Jr., both of New Orleans, La., and J. M. Richardson Lyeth, of New York City (Single & Single and Carter, Ledyard & Milburn, all of New York City, and Dart & Dart and Deutsch & Kerrigan, all of New Orleans, La., on the brief), for appellants.

Geo. H. Terriberry and Jos. M. Rault, both of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

The steamship Yuma, owned by appellee, sailed from New Orleans on March 5, 1926, on a voyage to Vera Cruz. About 35 miles below the city, while in charge of a compulsory pilot, she collided with the west bank of the Mississippi river, striking it a glancing blow with her starboard bow. An immediate inspection failed to disclose any damage, and she proceeded on her voyage. The next day a leak developed in her No. 1 hold, as a result of which she ultimately sank and became a total loss. Appellee filed a petition for limitation of liability under the provisions of Rev. St. § 4283 (46 USCA § 183), and the Harter Act (46 USCA §§ 190–195). This was contested by appellants, who are cargo owners. The District Court entered a decree allowing the limitation of liability except as to a claim by a passenger for loss of effects and personal injuries. This last part of the decree is not appealed from, so we need not discuss it.

In a well-considered opinion, In re Mexican-American Fruit & Steamship Corporation, 34 F.(2d) 674, the District Court has fully stated and analyzed the evidence. We may refer to that opinion without repeating what was there said.

A clear preponderance of the evidence supports the conclusions that the owners of the Yuma had used reasonable care and diligence to make her seaworthy, that she was in fact seaworthy at the beginning of the voyage, and that the proximate cause of her loss was the collision with the river bank due to an error in navigation. We concur in the findings of the District Court.

The record presents no reversible error. Affirmed.

**J. D. BASS, Appellant, v. UNITED STATES of America, Appellee.**

No. 3059.

Circuit Court of Appeals, Fourth Circuit.

July 10, 1930.

J. J. Henderson, of Burlington, N. C., for appellant.

E. L. Gavin, U. S. Atty., of Greensboro, N. C.

PER CURIAM.

Cause docketed and dismissed on motion of appellee.